**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

```
JOSELITO TINEO,                  :
                                 :   Civil Action No. 10-1363 (FSH)
          Petitioner,            :
                                 :
     v.                          :        O P I N I O N
                                 :
LARRY GLOVER, et al.,            :
                                 :
          Respondents.           :
```

**APPEARANCES:**

Joselito Tineo, Pro Se
Northern State Prison
# 558593
168 Frontage Road
Newark, NJ 07114

**HOCHBERG, District Judge**

Petitioner, Joselito Tineo, filed a petition for a writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2254. Petitioner was advised of his rights, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Petitioner responded to the Mason order with a letter filed May 25, 2010. On July 27, 2010, Petitioner filed an application for counsel (docket entry 6).

This Court has considered Petitioner's response to the Mason order and his application for counsel. For the following reasons, Petitioner will be granted additional time to respond to the Mason order, and his application for counsel will be denied, without prejudice.

**DISCUSSION**

1.  *Mason* Order

Petitioner filed an Amended Petition for habeas corpus on April 26, 2010 (docket entry 3).  Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued an Order to Petitioner advising that pursuant to United States law, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Application all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  This Court asked Petitioner how he wanted to proceed:  either by having the pending § 2254 Application ruled upon as is, or withdrawing the pending § 2254 Application and filing one all-inclusive § 2254 Application subject to the one-year statute of limitations.  See Docket entry 4.

Petitioner responded, in relevant part:

> I was under the impression that I had to file a brief at a later date, the date to be set by the Court.
>
> If I was not correct, please [accept] this correspondence as a request to file an all [inclusive] petition within the one year time limitation.  As I was denied by the New Jersey Supreme Court for

> Certification [sic].  That would give me the time to file.

See Letter, Docket entry 5.  It appears from a review of the letter that Petitioner is confused as to the Mason order.

This Court notes that the Rules Governing Section 2254 Cases in United States District Court ("§ 2254 Rules) do not require that Petitioner file a brief.[1]  In general, this Court does not set briefing schedules in § 2254 cases; however, Petitioner may file a brief if he so chooses, which will be considered by the Court in deciding his case.

As Petitioner's response to the Mason order is unclear, the Court will allow him 30 days to respond, in writing, as to how he wishes to proceed, before this Court orders Respondents to answer the claims of the petition.  Petitioner may elect to either proceed with his amended petition as filed, or may request to withdraw his amended petition, and file one all-inclusive petition subject to the statute of limitations.  If Petitioner does not respond, this Court will presume that he wishes to proceed with his amended petition, as filed, and will order Respondents to answer.

---

[1]  The § 2254 Rules provide that the petition must: "(1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner ..." See Rule 2(c) of the § 2254 Rules.

2.  <u>Application for Counsel</u>

Petitioner's application for counsel requests counsel because Petitioner does not speak English, and is assisted with his petition by another inmate.

There is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991), <u>cert. denied</u>, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[2]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See <u>Biggins v. Snyder</u>, 2001 WL 125337 at * 3 (D. Del. February 8, 2001)(citing <u>Reese v.</u>

---

[2]  Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted). Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims. In his petition, Petitioner makes claims of ineffectiveness of his trial counsel, excessive sentence, and due process violations. (See Petition for a Writ of Habeas Corpus, ¶ 12). From the face of

the petition, the contentions may or may not have merit.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner.  The instant case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  Petitioner has shown his capability to proceed pro se by filing numerous applications to this Court, perhaps with the assistance of another inmate.  His filings include the original petition, amended petition and the instant application.  Additionally, Petitioner's claims are not complex and are capable of resolution on the record, especially considering that there is a state court record to be submitted by Respondents.  This Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

6

See 28 U.S.C. § 2254(d).  With regard to Petitioner's claims, the record to be provided by Respondents should provide the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

A review of this case reveals that neither the legal issues which Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney.  The overall allegations of the petition do not appear to be either factually or legally complicated.  Petitioner's ineffective assistance of counsel claims and other claims can be resolved by a review of the record in this matter. .

In sum, Petitioner has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action.  Should Petitioner require additional time to meet deadlines, and, of course, makes the requisite good faith/good cause showing, this Court will entertain such request.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

## CONCLUSION

Based on the foregoing, Petitioner must advise this Court, in writing, within 30 days, if he wishes to proceed with his petition as filed, or if he wishes to withdraw his petition.

Petitioner's application for counsel is denied, without prejudice.

An appropriate Order accompanies this Opinion.

s/ Faith S. Hochberg  
FAITH S. HOCHBERG  
United States District Judge

Dated: February 10, 2011